# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CANDACE KING,**

      **Plaintiff,**

**v.**                            **Case 8:23-cv-01831-AAS**

**MARTIN O'MALLEY,**
**Commissioner of the**
**Social Security Administration,[1]**

      **Defendant.**

_____/

## ORDER

Candace T. King requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, and the parties' memoranda, the Commissioner's decision is **AFFIRMED.**

## I. PROCEDURAL HISTORY

Ms. King applied for DIB and SSI on December 2, 2020, with an alleged disability onset date of July 14, 2020. (Tr. 17). Disability examiners denied Ms.

---

[1]  On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

King's applications initially and on reconsideration. (*Id*.). At Ms. King's request, the ALJ held a hearing on July 18, 2022. (*Id*.). The ALJ issued an unfavorable decision to Ms. King on January 12, 2023. (Tr. 26). The Appeals Council denied Ms. King's request for review, making the ALJ's decision final. (Tr. 1). Ms. King now requests judicial review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. King was thirty-six years old on her alleged disability onset date and thirty-nine years old on the date of the ALJ's decision. (Tr. 75, 204). Ms. King has a high school education and past relevant work experience as a customer complaint clerk. (Tr. 26). Ms. King alleged disability due to diabetes, sickle trait, ovarian cancer in remission, and anemia. (Tr. 250).

### B. Summary of the ALJ's decision

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b),

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Ms. King had not engaged in substantial gainful activity since July 14, 2020, her alleged onset date. (Tr. 20). The ALJ found Ms. King has these severe impairments: spine disorder, diabetes mellitus, diabetic retinopathy with vitreous hemorrhage and macular edema, diabetic

---

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

neuropathy, hemolytic anemia, seizure disorder, and obesity. (*Id.*). However, the ALJ found Ms. King's impairments, or combination of impairments fail to meet or medically equal the severity of an impairment in the listings. (*Id.*).

The ALJ found Ms. King had an RFC to perform a limited range of sedentary work.[5] (Tr. 22). Specifically, Ms. King can:

> [L]ift and/or carry ten pounds occasionally and smaller items frequently, stand and/or walk for six hours in a workday, and sit for six hours in a workday. She can frequently climb ramps and stairs and balance, but never climb ladders, ropes, or scaffolds. [Ms. King] must avoid even moderate exposure to hazards and cannot operate a motor vehicle or heavy equipment. She is unable to read fine print. She can occasionally read larger print, requiring near visual acuity.

(*Id.*).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. King could perform her past relevant work as a customer complaint clerk. (Tr. 26). As a result, the ALJ concluded Ms. King was not disabled from July 14, 2020, her alleged disability onset date, through January 12, 2023, the date of the decision. (*Id.*).

---

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied the correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). There must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

(stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B. Issue on Appeal

Ms. King raises one issue on appeal: whether substantial evidence supports the ALJ's visual limitation in the RFC assessment.[6] (Doc. 22, pp. 3–5). In response, the Commissioner argues the Eleventh Circuit and this court have found that an RFC limitation restricting the frequency with which a claimant can perform tasks requiring near visual acuity is a valid limitation. (Doc. 24, pp. 5–7).

Ms. King argues the ALJ's use of the term "frequent" to describe Ms. King's limitations due to visual impairments was improper. (Doc. 22, p. 5). In support of this argument, Ms. King cites *Reed v. Berryhill*, No. 8:17-cv-679-T-DNF, 2018 WL 4520363 (M.D. Fla. 2018). (*Id.*). However, this court since rejected Ms. King's argument. In *Cruz v. Kijakazi*, the court relied on *Turner v. Comm'r of Soc. Sec.*, 860 F. App'x 681, 684 (11th Cir. 2021) to reject the argument that the ALJ's use of the word "frequent" was nonsensical. No. 8:22-cv-1502-AEP, 2023 WL 5217189, at *6 (M.D. Fla. 2023). This court rejected the

---

[6] Any issue not raised by the plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed."), cited in *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013).

argument in *Reed* in favor of the Eleventh circuit's interpretation. *See Turner*, 860 F. App'x at 684 (explaining that the ALJ's usage of the word "frequent" to relate visual acuity to job requirements was proper). Therefore, using the word "frequent" to describe Ms. King's visual limitations is appropriate and is not a basis for remand.

In addition, Ms. King further argues the ALJ made "an irrational assumption that the times [Ms. King] can perform tasks requiring near visual acuity coincide with the times the job requires near visual acuity." (Doc. 22, p. 4–5). While Ms. King disputes this characterization of visual acuity, both Turner, and *Cruz* agree that the Dictionary of Occupational Titles (DOT) describes the visual requirements of a job the same way the ALJ here. *See Turner*, 860 F. App'x at 684; *Cruz* 2023 WL 5217189, at *6. As the ALJ explained, his finding was that Ms. King can "exercise near visual acuity a third of the day [i.e., occasionally]." (Tr. 72). Thus, despite when the job requires near visual acuity, Ms. King is capable if it does not happen more than occasionally.

Finally, Ms. King contends the term "larger print" is vague and ambiguous. (Doc. 22, p. 4). However, the ALJ found Ms. King could "occasionally read larger print, requiring near visual acuity." (Tr. 22). And that is how the VE interpreted it as well. (Tr. 70) ("I'm doing it as occasional near acuity."). Thus, the ALJ defined "larger print" to mean print requiring near

visual acuity. (*Id.*). Ms. King also provided no case law to support her claim this term was improperly defined. *See Collazo v. Commissioner of Social Security*, No. 2:16-cv-636-FtM-MRM, 2017 WL 4297242, at *6 (M.D. Fla. 2017) (holding if a plaintiff asserts the ALJ failed to adequately define a vague term, then they must support their argument by citing appropriate legal authority). Because the ALJ defined "larger print" to mean print requiring near visual acuity, the term is not vague or ambiguous.

The ALJ properly found Ms. King could "occasionally read larger print, requiring near visual acuity," and the VE testified that limitation would not prevent Ms. King from doing her past relevant work as a customer complaint clerk. (Tr. 22, 69–70); *see* DOT § 241.367-014, 1991 WL 672252. Thus, remand is not required.

## IV. CONCLUSION

Substantial evidence supports the ALJ's decision. The Commissioner's decision is **AFFIRMED**. The Clerk of Court must enter final judgment for the Commissioner and close the case.

**ORDERED** in Tampa, Florida on August 8, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

8